Citation Nr: 1443668 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 07-01 085 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for a right knee disability.


REPRESENTATION

Veteran represented by: Missouri Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Fagan, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1960 to December 1963.
This matter is before the Board of Veterans' Appeals (Board) on appeal from an April 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

In September 2009, the Veteran testified at a hearing before the undersigned Acting Veterans Law Judge (AVLJ). A transcript of the hearing has been associated with the Veteran's claims file.

The Board previously remanded the appeal in April 2011, January 2013, July 2013, and January 2014 for additional development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board is cognizant that this longstanding appeal has already been remanded on a number of occasions for additional development, to include efforts to verify the Veteran's claimed in-service right knee injury. Unfortunately, the Board finds that once again remand is necessary for one last attempt to verify the Veteran's account of sustaining a right knee injury in service when he was hit by a car. 

In an undated statement apparently received by VA in June 2014, the Veteran suggested that efforts be made to verify his account of in-service injury using his service number. The Veteran wrote that when he was in the Army, Social Security numbers were "nothing" and that it would help to use his Army serial number. As it does not appear that any efforts have been made to obtain hospital records or incident reports using the Veteran's service number, the Board finds that one last effort should made. 

Additionally, given that a remand is already required to make another attempt to locate records of the Veteran's alleged in-service injury, the Board finds that on remand, an attempt should be made to locate documentation of the Veteran being put on a "light duty" profile after the in-service injury as he has alleged. The Veteran's service treatment records contain no evidence of a "light duty" profile, but the Board finds it is possible that such documentation might be contained in the Veteran's service personnel records. Accordingly, efforts should be made to obtain his service personnel records, as they may contain documentation of a light duty profile.

Finally, while prior searches for service records have encompassed the period from July 1963 to September 1963, based on the Veteran's reports, the Board notes that on his initial application for VA benefits, he reported that his disability began in September 1962. Therefore, the Board finds that the search should be expanded to include the period from July 1962 to September 1962 on the possibility that the Veteran is incorrectly remembering the year.

Accordingly, the case is REMANDED for the following action:

1. Contact the National Personnel Records Center and request the Veteran's complete service personnel records, as well as outstanding service treatment records, if any. 

2. Using the Veteran's service number, [redacted], make additional requests to obtain any available relevant records regarding the Veteran's alleged involvement in a motor vehicle accident in service. The search dates should be expanded to include from July to September 1962, and from July to September 1963.

Specifically, contact the U.S. Army Criminal Investigation Command, U.S. Army Crime Records Center, Attn: CICR-FP, Russell Knox Building, 27130 Telegraph Road, Quantico, VA 22134-2253 (and any other appropriate records repository), and, using the Veteran's service number ([redacted]), request that it conduct another search for any military police and CID records related to the Veteran's claimed motor vehicle accident, occurring approximately between July 1962 and September 1962, or July 1963 and September 1963, while attached to the 3rd Medium Tank Battalion, 32nd Armor, 3rd Armor Division, in Friedberg, Germany. 

In the event the records are not maintained at the Quantico facility, written documentation of such fact should be associated with the claims folder. Any negative response should be in writing and associated with the claims folder.

3. Using the Veteran's service number, [redacted], make additional requests directly to Bad Nauheim Dispensary for any available relevant treatment records regarding the Veteran's alleged involvement in a motor vehicle accident and right knee injury in service, occurring approximately between July and September 1962, or July and September 1963.
 
If such records cannot be requested without narrowing down the timeframe of the accident to a shorter time period, the Veteran should be informed of this fact and should be notified that unless he can provide more detailed information regarding the date of the alleged accident, VA cannot attempt to locate any additional documents. At the time of the alleged accident, the Veteran states that he was in the 3rd Medium Tank Battalion, 32nd Armor, 3rd Armor Division. All attempts to obtain these records should be clearly documented in the claims file.

4. Readjudicate the claim in light of all additional evidence obtained. If the claim is not granted to the Veteran's satisfaction, send him and his representative a supplemental statement of the case and give them time to respond before returning the file to the Board for further appellate consideration of this claim.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
M. N. HYLAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).